*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT YOUNG,<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Civil Action No. 17-3195 (SRC)<br><br>**OPINION** |

**CHESLER**, District Judge:

Presently before the Court is Petitioner Vincent Young's amended motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 challenging his sentence. (ECF No. 5). Following an order to answer, the Government filed a response to the amended motion. (ECF No. 17). Petitioner did not file a reply. For the reasons set forth below, this Court will dismiss Petitioner's amended motion to vacate sentence with prejudice as time barred and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

Because this matter will be dismissed with prejudice as time barred, only a brief recitation of the background of this matter is necessary for the purposes of this opinion. On August 9, 2011, Petitioner, Vincent Young, pled guilty pursuant to a plea agreement a one count superseding indictment which charged him with engaging in a RICO conspiracy in violation of 18 U.S.C. § 1962(c) arising out of Petitioner's operation of a gang in Essex County, New Jersey. (Documents 1 and 3 attached to ECF No. 17). Both of the underlying criminal acts which supported the RICO

charge involved conspiracies to distribute controlled substances – specifically heroin and crack cocaine – in Newark and Paterson, New Jersey. (*Id.*). As part of his plea agreement, Petitioner stipulated that he was a career offender under United States Sentencing Guideline § 4B1.1(a) as Petitioner's instant offense was a qualifying offense as it was either a crime of violence or a controlled substance offense, Petitioner was over eighteen years of age, and had at least two prior convictions for crimes of violence including a drug distribution charge in California and an aggravated manslaughter charge in New Jersey. (Document 1 attached to ECF No. 17 at 9). On August 9, 2011, this Court sentenced Petitioner to a prison term of 188 months, accompanied by a three-year supervised release term and appropriate assessments. (Document 5 attached to ECF No. 17). Although Petitioner's presentence report recommended a higher guideline range than that stipulated to by the parties, this Court ultimately agreed with the stipulated guidelines range, including determining that Petitioner's criminal history category was six in light of the applicability of the career offender guideline. (*Id.* at 20). Although this Court did not expressly state at sentencing whether Petitioner's current RICO charge qualified as a career offender base offense because it was a crime of violence or controlled substance offense, his Presentence Report clearly states that Petitioner's current offense qualified as a controlled substance offense and it is in any event clear from the nature of Petitioner's offense – a RICO conspiracy based on two separate conspiracies to distribute controlled substances – that Petitioner's RICO charge qualified for career offender status as a controlled substance offense and not a crime of violence. (*See* PSR at ¶ 254).

Following the imposition of his sentence, Petitioner filed a direct appeal notwithstanding the appellate waiver contained in his plea agreement. (*See* Document 7 attached to ECF No. 17).

2

The Government thereafter moved for a summary dismissal of that appeal via a motion to enforce the plea agreement. (*Id.*). On October 17, 2012, the Third Circuit granted the Government's motion. (Document 2 attached to ECF No. 17). The Third Circuit thereafter issued its mandate on November 13, 2012. (*Id.*). Petitioner did not seek certiorari.

Four and a half years later, Petitioner filed a purported "writ of habeas corpus relief" on April 18, 2017, which Petitioner asserted arose out of the All Writs Act. (ECF No. 1). On October 4, 2017, this Court entered an order which directed Petitioner to state whether he was seeking Mandamus relief or sought to challenge his sentence pursuant to 28 U.S.C. § 2255 – the habeas statute which serves as the presumptive means for collaterally attacking a federal criminal sentence. (ECF No. 4). This Court also provided Petitioner the notice required by *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999), and provided Petitioner with forty-five days within which to file an amended motion to vacate sentence, withdraw his motion, or have it ruled upon as filed. (*Id.*). Petitioner elected to file an amended motion to vacate sentence pursuant to 28 U.S.C. § 2255. (ECF No. 5).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

3

> attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

**B. Analysis**

**1. An evidentiary hearing is not required to resolve Petitioner's claims**

A district court need not hold an evidentary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because all of Petitioner's claims are clearly time barred, no hearing is necessary to resolve this matter.

## 2. Petitioner's claims are all time barred

The Government argues in their answer that all of Petitioner's claims should be dismissed as time barred because this matter was filed four and a half years after the conclusion of direct review and more than a year after the Supreme Court's decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). Motions to vacate sentence brought pursuant to 28 U.S.C. § 2255 are subject to a one year statue of limitations. 28 U.S.C. § 2255(f). That limitations period runs from one of four possible dates - the date on which the petitioner's conviction becomes final, the date on which an impediment to making his motion is removed, the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review, or the date on which the facts supporting the claim first could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). "In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (internal quotations omitted). Where a petitioner files a direct appeal but does not file a petition for certification, his conviction is considered final when the time for the filing of a petition for certiorari expires ninety days after his appeal is decided. *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999). Where the limitations period instead runs from the retroactive application of a new rule of constitutional law, the limitations period begins to run on the date of the Supreme Court's initial opinion recognizing the right in question, not the date on which the Supreme Court rendered the decision retroactive. *Dodd*, 545 U.S. at 357-59. Because the timeliness of habeas petitions are determined on a claim by claim basis, the accrual date for the one year limitations period may between different claims in a single motion to vacate sentence –

5

such as where one claim is based on a new rule of law or newly discovered evidence and others raise only standard ineffective assistance of counsel claims. *See, e.g., Fielder v. Varner*, 379 F.3d 113, 118-21 (3d Cir. 2004).

In his amended motion to vacate sentence, Petitioner raises several standard habeas claims – such as ineffective assistance of plea counsel claims – and claims in which he asserts that his sentence is illegal in light of *Johnson's* holding that the residual clause of the career offender statute was void for vagueness to the extent that the career offender guideline was applied to him. Petitioner's claims thus rely on two possible starting dates for the running of the one year limitations period – the date his conviction became final, which at the latest would be February 13, 2013, ninety days after the Third Circuit issued its mandate; or June 26, 2015, the date on which the *Johnson* decision was issued.[1] Regardless of which date applies, Petitioner's claims are all clearly time barred absent some basis for tolling because Petitioner did not file his initial motion in this matter until April 2017, ten months after the one year limitations period would have

---

[1] Although Petitioner believes that *Johnson* supports his claim that he should not have received a career offender guideline enhancement, Petitioner's claim is based on several faulty assumptions. First, *Johnson* did not invalidate the residual clause of the career offender guideline, which the Supreme Court has determined is not unconstitutionally vague. *See Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017). Even had Petitioner been correct, however, his claim is still not supported by *Johnson* because Petitioner is patently incorrect in asserting that his RICO conviction only qualified him for the enhancement as a crime of violence. Petitioner's RICO charge was found to be a controlled substance offense which qualifies Petitioner as a career offender under the guidelines regardless of whether *Johnson* applies to the career offender guideline. *See. U.S.S.G.* § 4B1.1. Because Petitioner is time bared even given the date of *Johnson*, however, Petitioner would not be entitled to relief even if his assumptions were valid. Finally, to the extent that Petitioner may believe *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), provides the later date from which is claims should run he is mistaken. *Mathis* did not announce a new rule of law, and thus cannot be the basis for a later start date for the § 2255 limitations period. *See, e.g., Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce [a new] rule; it is a case of statutory interpretation").

expired even if all of Petitioner's claims accrued only after the *Johnson* decision. Absent some basis for tolling or otherwise piercing the statute of limitations, Petitioner's claims are thus all clearly time barred by at least ten months and by as much as four years.

Although the § 2255 limitations period is subject to equitable tolling where the facts of a given matter so warrant, such tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Tolling may therefore only be granted where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Excusable neglect is insufficient to establish a basis for equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). In this matter, Petitioner has failed to provide any viable basis for the equitable tolling of the § 2255 limitations period, and this Court perceives no such basis. Even had Petitioner presented an extraordinary circumstance, he has made no effort to show his diligence, and he is therefore not entitled to equitable tolling.

Although Petitioner's amended motion to vacate sentence is therefore time barred, Petitioner does argue that he should be permitted to evade any procedural hurdles to relief because he believes that his sentence is illegal and thus void. This argument would only present a valid basis for avoiding the § 2255 limitations period if Petitioner's argument amounted to a showing that he was actually innocent of the charged crime or an applicable sentencing enhancement. *See, e.g., McQuiggan v. Perkins*, 569 U.S. 383, 391-99 (2013). To warrant use of the innocence gateway, however, it is not sufficient that a petitioner merely assert his innocence, he must instead

7

present new evidence "so strong that a court cannot have confidence in the outcome of [his case] unless the court is also satisfied that [the case] was free of nonharmless constitutional error." *Id.* at 401. Generally, actual innocence claims assert that the petitioner is innocent of the underlying criminal conduct, but the Supreme Court has held that in death penalty cases, a claim of actual innocence related to claims solely challenging the petitioner's sentence may act as a gateway through procedural bars where "but for constitutional error at his sentencing hearing, no reasonable juror would have found him eligible for the death penalty." *Sawyer v. Whitley*, 505 U.S. 333, 350 (1992). In order to prevail on a claim of actual innocence as to a given sentence, then, a petitioner must at least show that he was "in fact ineligible for the sentence imposed." *Johnson v. Pinchak*, 392 F.3d 551, 566 (3d Cir. 2004). Neither the Supreme Court nor the Third Circuit have answered the question of whether and when the actual innocence gateway can be used as to sentences which only claim innocence of the imposed sentence in non-capital cases, but the Third Circuit has observed that "where the death sentence is not actually imposed, the individual interest in avoiding injustice [which undergirds the actual innocence gateway] . . . is considerably less compelling than in cases where an individual faces imminent execution." *Id.*

Even if this Court were to assume, *arguendo*, that the actual innocence gateway could be applied avoid the § 2255 limitations period in challenges solely aimed at non-capital sentences, Petitioner would not be entitled to use that gateway as he was in fact eligible for the sentence received *regardless* of whether this Court found him to be subject to the career offender guideline. The crime of which Petitioner was convicted has a statutory maximum sentence of twenty years imprisonment, and by virtue of his guilty plea Petitioner was therefore in fact and by law eligible for a sentence several years longer than the one imposed in this matter. Given the advisory nature

of the guidelines and Petitioner's considerable and serious criminal history – including his operation of a criminal gang organization conducting a drug distribution scheme *while in prison*, this Court specifically found in sentencing Petitioner that no sentence less than the 188 month sentence Petitioner received would be just. (*See* Document 5 attached to ECF No. 17 at 24, in which this Court found that a sentence of at least that length was the "only sentence that can [justly] be imposed . . . in this case"). Likewise, as noted above, Petitioner's challenge asserting that his RICO conspiracy charge should not qualify as a crime of violence misses the mark both because his conviction was not found to be a crime of violence but was instead a controlled substance offense and because *Johnson* in no way invalidated the residual clause of the career offender enhancement in any event. *Beckles*, 137 S. Ct. at 895. Petitioner was thus eligible for the sentence he received and is not "actually innocent" of any sentencing enhancement imposed upon him under the advisory Sentencing Guidelines. Thus, even if the actual innocence gateway is applicable to non-capital sentencing-only claims, it is clearly not applicable to the one raised by Petitioner. All of Petitioner's claims are thus well and truly time barred and this matter must be dismissed with prejudice as a result.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's claims are all clearly time barred, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons stated above, Petitioner's amended motion to vacate sentence (ECF No. 5) is DISMISSED WITH PREJUDICE as time barred, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Hon. Stanley R. Chesler,
United States District Judge